UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BARRY R. STUDENT<br>1208 Ingraham St., N.W.<br>Washington, DC 20011,<br><br>        Plaintiff,<br><br>    v.<br><br>OFFICER JOHN DOE<br>Metropolitan Police Department<br>Washington, DC,<br><br>    *and*<br><br>DISTRICT OF COLUMBIA<br>1350 Pennsylvania Avenue, N.W.<br>Washington, DC 20004,<br><br>        Defendants. | Case No.: _____<br><br><br>Jury Trial Demanded |

## COMPLAINT

**(Police Misconduct: Violation of rights under the Constitution of the United States and the common law of the District of Columbia.)**

    1. This is an action for damages and other relief by Mr. Barry Student, who was injured when police without cause soaked him with pepper spray, arrested him, and detained him after he watched and filmed a demonstration in the streets of the Adams Morgan neighborhood late on Inauguration Day, January 20, 2005. The caustic spray caused intense pain upon contact and for the hours of detention Mr. Student sat in spray-drenched clothes. This police action was intentional, reckless and outrageous, constituting interference with lawful expression, unreasonable seizure (including excessive force), and common law assault and battery, false arrest and intentional

infliction of emotional distress. In addition, defendants seized Mr. Student's video recording of the demonstration and have not returned it, an act of conversion of his property. Plaintiff accordingly seeks damages, fees, costs, and other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. Plaintiff brings this action under 42 U.S.C. § 1983 to vindicate rights established by the First and Fourth Amendments to the United States Constitution. Plaintiff also seeks relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. Plaintiff's claims under the common law of the District of Columbia arise from the same occurrences as his constitutional claims and are within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The events or omissions giving rise to plaintiff's claims occurred in this judicial district.

## PARTIES

4. Plaintiff Barry Student is an adult resident of the District of Columbia. He is a reporter and photographer for the Independent Media Center (Indymedia), a network of collectively run media outlets.

5. Defendant John Doe is an unknown sworn officer employed by the District of Columbia Metropolitan Police Department (MPD). He is sued in his individual capacity.

6. Defendant District of Columbia is a municipal corporation, the local government of Washington, D.C.

## FACTS

7. Late in the evening of Inauguration Day, January 20, 2005, Mr. Student attended a concert at the Sanctuary Theater, located at Calvary Methodist Church, 1459 Columbia Road, N.W.

Hearing of plans for a march through the Adams Morgan neighborhood to an Inaugural Ball site, he decided to videotape the activity with a handheld video camera he usually carries.

8. As a reporter and photographer for Indymedia, Mr. Student in 2003 and 2004 held formal press credentials issued by the MPD. On January 20 he had not yet renewed his credential for the new year of 2005, but wore the distinctive MPD press pass around his neck throughout the events in this action.

9. As the march moved south on Columbia Road, Mr. Student followed at a distance in order to avoid participating or appearing to be a participant. His goal was to document the protest, not become a part of it. Mr. Student walked on the sidewalk, at the curb or on the side of the street opposite the lanes occupied by marchers, pushing his bicycle with one hand and filming with the other.

10. Mr. Student continued to videotape at a distance from the march as the group walked on Columbia Road across 16th to 18th Street, then turned south on 18th Street to Belmont Road then west on Belmont Road heading uphill towards Columbia Road.

11. When Mr. Student reached the intersection where Belmont met Columbia Road, he saw police cars blocking all the streets ahead to the north, forcing the marchers in front of him to turn right off Columbia Road into a network of alleys leading back downhill towards 18th Street. Mr. Student paused to lock his bike and walked into the alley to continue his video record. The marchers were now quite far ahead and dispersed into several alleys so few could be seen.

12. Police officers in the alley told him to turn around and go back. They repeated their orders even when he explained he was a member of the press and held up his pass, so he obeyed. But as he walked back uphill to regain Columbia Road at the head of the alley, Officer John Doe

without warning or reason ordered Mr. Student to get down on the ground, sprayed him heavily in the face and body with pepper spray, handcuffed and arrested him.

13. The officer took the video camera when Mr. Student could not hold or use it while handcuffed. Police later returned it but without the tape cassette. Mr. Student had recorded the demonstration that evening, as well as other events of the 2004 campaign and the Inauguration, for his activity as an independent reporter. Despite Mr. Student's requests, defendants have not returned the cassette.

14.  At no time did Mr. Student commit any unlawful action or pose any threat to Officer Doe or anyone else.  Others at the same spot at the same time were arrested without being sprayed. Officer Doe arrested plaintiff without probable cause to believe that plaintiff had committed or was about to commit a crime.  Officer Doe had no good faith or reasonable belief that probable cause existed to arrest plaintiff or that there was any need to disable him by pepper spray.

15.  Other officers stood him (in handcuffs) against the alley wall in pain from the heavy spray and temporarily blinded.  They doused his eyes briefly with some water, then walked him the rest of the way out of the alley to Columbia Road to be transported to the Police Academy at Blue Plains with three others arrested from the march.

16. At the Academy, Mr. Student asked for medical care for his burning eyes and skin, but police refused assistance and said only that they called an ambulance.  When none arrived after several more hours, he successfully pleaded with officers to allow him to wash off some spray residue in an Academy bathroom. Mr. Student was unable to remove his contact lenses from his eyes due to severe swelling and irritation.

17.  A police van finally took Mr. Student to a hospital in custody where he waited more hours handcuffed to a waiting room chair and without attention from a doctor.  About 5:30 a.m. Mr. Student asked to return to the Police Academy and complete processing rather than wait any longer for care.

18. Mr. Student disputed the charge of parading without a permit and declined police pressure to post and forfeit $50 collateral.  He was released with his camera and press badge (but without his videotape) together with a citation to appear in Superior Court for arraignment on February 22, 2005.

19. With the help of counsel as well as a statement from an independent witness that Mr. Student kept his distance and was not part of the march, the District of Columbia entered a *nolle prosequi* on April 1, 2005.

20. Arguing that there was no evidence he had committed any crime, Mr. Student moved in D.C. Superior Court to seal the record of his arrest and prosecution, which was granted December 8, 2005.  He seeks full expungement of his record by order of this Court, as that relief is not available in D.C. Superior Court.

21. In pepper spraying and arresting Mr. Student, MPD Officer John Doe acted under color of law and within the scope of his employment.

22. The plaintiff suffered numerous injuries and damages, including the following, as a direct and proximate result of the actions of MPD Officer John Doe: bodily injuries; personal and reputational injuries, including pain and suffering, humiliation, anguish, and emotional distress; and replacement and other costs related to the lost videotape cassette, costs of clothing whose value was destroyed by pepper spray, and the value of time lost in court preparation and attendance.  In addition, the plaintiff was also injured by the violation of his constitutional right peaceably to

express himself through photographing public events, and by deterring him from, or making him anxious about, exercising that right in the future.

23. The notice requirement of D.C. Code § 12-309 (2001) has been satisfied by a timely letter sent by counsel and also, on information and belief, by reports and records of the MPD including results of investigations by the Special Operations Division and also by the Force Investigation Team in the MPD Office of Professional Responsibility.

### CLAIM I: VIOLATION OF FIRST AMENDMENT RIGHTS
(Officer John Doe)

24. On the facts alleged above, defendant Officer John Doe is liable to the plaintiff for violation under color of law of his constitutional rights of association, assembly and free expression (including taking pictures of public events).  These rights are protected by the First Amendment to the United States Constitution and their violation is made actionable by 42 U.S.C. § 1983.

### CLAIM II: VIOLATION OF FOURTH AMENDMENT RIGHTS
(Officer John Doe)

25. On the facts alleged above, defendant Officer John Doe is liable to the plaintiff for violation under color of law of his constitutional right to be free from unreasonable seizure (including excessive force).  This right is protected by the Fourth Amendment to the United States Constitution and its violation is made actionable by  42 U.S.C. § 1983.

### CLAIM III: ASSAULT AND BATTERY
(Officer John Doe)

26. On the facts alleged above, the defendant Officer John Doe is liable to the plaintiff under District of Columbia law for assault and battery when without any lawful basis he sprayed plaintiff with large quantities of pepper spray at close range causing pain and suffering, anguish, humiliation and emotional distress.

### CLAIM IV: ASSAULT AND BATTERY
**(District of Columbia *respondeat superior* liability)**

27. On the facts alleged above, the defendant District of Columbia is liable to the plaintiff under District of Columbia law for assault and battery when its employee Officer John Doe acting in the scope of his employment but without any lawful basis sprayed plaintiff with large quantities of pepper spray at close range causing pain and suffering, anguish, humiliation and emotional distress.

### CLAIM V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Officer John Doe)**

28. On the facts alleged above, the defendant Officer John Doe is liable to the plaintiff under District of Columbia law for intentional infliction of emotional distress when without any lawful basis he sprayed plaintiffs with extreme and outrageous volumes of pepper spray, intentionally or recklessly to cause him – and, in fact, causing -- severe emotional distress.

### CLAIM VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(District of Columbia *respondeat superior* liability)**

29. On the facts alleged above, the defendant District of Columbia is liable to plaintiffs under District of Columbia law for intentional infliction of emotional distress when its employee Officer John Doe acting in the scope of his employment but without any lawful basis sprayed the plaintiff with extreme and outrageous volumes of pepper spray, intentionally or recklessly to cause him – and, in fact, causing -- severe emotional distress.

### CLAIM VII: FALSE ARREST
**(Officer John Doe)**

30. On the facts alleged above, the defendant Officer John Doe is liable to the plaintiff under District of Columbia law for false arrest where he arrested him without any basis in fact or

good faith belief that there was probable cause that the plaintiff had committed or was about to commit a crime.

### CLAIM VIII: FALSE ARREST
**(District of Columbia *respondeat superior* liability)**

31. On the facts alleged above, the defendant District of Columbia is liable to the plaintiff under District of Columbia law for false arrest when its employee Officer John Doe acting in the scope of his employment arrested him without any basis in fact or good faith belief that there was probable cause that the plaintiff had committed or was about to commit a crime.

### CLAIM IX: CONVERSION
**(Officer John Doe)**

32. On the facts alleged above, the defendant Officer John Doe is liable to the plaintiff under District of Columbia law for conversion where he intentionally took from the plaintiff his property (a recorded videotape cassette), and did not return it.

### CLAIM X: CONVERSION
**((District of Columbia *respondeat superior* liability)**

33. On the facts alleged above, the defendant District of Columbia is liable to the plaintiff under District of Columbia law for conversion when its employee Officer John Doe acting in the scope of his employment intentionally took from the plaintiff his property (a recorded videotape cassette), and did not return it.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that the Court:

(a) ENTER JUDGMENT declaring that the actions of the defendants violated the constitutional rights of the plaintiff;

(b) ENTER JUDGMENT awarding plaintiff compensatory damages from the defendants in an amount appropriate to the proof adduced at trial;

(c) ENTER JUDGMENT awarding plaintiff punitive damages from defendant Doe in an amount appropriate to the proof adduced at trial;

(d) AWARD plaintiff his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

(e) ENTER AN ORDER directing the District of Columbia to expunge all record of the plaintiff's arrest, detention and prosecution;

(f) GRANT such other and further relief as the Court deems just and proper.

## JURY DEMAND

Trial by jury is demanded on all issues for which a jury trial is available.

Respectfully submitted,

_____
Arthur B. Spitzer (DC Bar #235960)
Frederick V. Mulhauser, (DC Bar # 455377)
American Civil Liberties Union
  of the National Capital Area
1400 20th St., NW, Suite 119
Washington, DC 20036
(202) 457-0800
(202) 452-1868 (fax)

Attorneys for Plaintiff

January 19, 2006