UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                )
BARRY R. STUDENT,                 )
                                                )
                    Plaintiff,          )
                                                )
          v.                                 )          Civil Action No. 06-0097 (ESH)
                                                )
OFFICER JOHN DOE, *et al.*,       )
                                                )
                    Defendants.       )
_____)

**DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO COMPLAINT[1]**

          Pursuant to Fed.R.Civ.P. 7(a), 8(b), and 12(a) and (b), Defendant The District of

Columbia, by and through undersigned counsel, hereby respectfully answer the

Complaint in the above-captioned case.  For ease of reference only, Defendant refers to

the headings in the Complaint in responding herein.

FIRST DEFENSE

          The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

          In response to the numbered allegations of the Complaint, Defendant states as

follows:

          1. Defendant admit that this is an action for damages and other relief by Mr. Barry

Student, admit that Plaintiff was arrested on or about January 20, 2005 for parading

without a permit, is without knowledge or information sufficient to form a belief as to the

---

[1] The Complaint also names an unnamed officer, Joe Doe, as a defendant.  To the District's knowledge no service of a summons has been made on a John Doe; thus an answer on his/her behalf is not required.  In the event that Plaintiffs later amend their complaint to name an individual officer and perfect service on such person, an answer may be filed on that person's behalf at that time.

remainder of the first sentence or the second sentence of paragraph 1 of the Complaint, and deny the allegations of the third sentence of paragraph 1 of the Complaint. Defendant admits that it was in possession of a video recording of the demonstration. The remaining allegations of paragraph 1 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies said allegations.

## JURISDICTION AND VENUE

2.  Defendant admits the statutory references cited in paragraph 2 of the Complaint, but denies that they necessarily confer jurisdiction on this Court.

3.  Defendant admits the statutory references cited in paragraph 3 of the Complaint, but denies that venue necessarily is proper in this Court.

## PARTIES

4.  Defendant admits that Barry Student is an adult and that at the time of the events complained of was a resident of the District of Columbia. Defendant is without knowledge or information sufficient to form a belief as to the remainder of the allegations of paragraph 4 of the Complaint and therefore denies them.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 5 of the Complaint and therefore denies them. The remaining allegations of paragraph 5 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies said allegations.

6. Defendant admits the allegations of paragraph 6 of the Complaint.

## FACTS

7.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11.  The allegations of the first sentence of paragraph 11 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendant denies said allegations.  Defendant is without knowledge or information sufficient for form a belief as to the remaining allegations of paragraph 11 of the Complaint.

12.  The allegations of the first sentence of paragraph 12 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no responsive pleading is required.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of the Complaint and therefore denies them.

13.  The allegations of the first sentence of paragraph 13 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no responsive pleading is required.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the second and third sentences of paragraph 12 of the Complaint

and therefore denies them.  Defendant admits that it had a video cassette purporting to record certain events.

14.   The allegations of paragraph 14 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendant denies said allegations.

15.    The allegations of the first sentence of paragraph 15 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no response is required.  To extent a response is required, Defendant denies said allegations.  Defendant admits that Plaintiff was transported to the Police Academy at Blue Plains and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 of the Complaint.

16.   Defendant admits that at the Academy, Plaintiff requested medical treatment and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 of the Complaint.

17.   Defendant admits that Plaintiff was transported to an area hospital for examination, but that he left voluntarily, and refused treatment.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18.   Defendant admits that Plaintiff was issued a citation to appear in Superior Court for arraignment on February 22, 2005. The remaining allegations of the first sentence of paragraph 18 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies said allegations.   Defendant is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 of the Complaint.

19.  Defendant admits that the District of Columbia entered a nolle prosequi on or about April 1, 2005 and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19 of the Complaint.

20.  Defendant admits the Plaintiff sought to seal the record of his arrest and prosecution and that his records were sealed.  Defendant also admits that Plaintiff seeks expungement of his record by order of this Court.  The remaining allegations of paragraph 20 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no response is required.

21.  Defendant denies the allegations of paragraph 21 of the Complaint.

22.  The allegations of paragraph 22 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

23.  Defendant admits that Plaintiff, by and through, counsel, purported to give notice pursuant to D.C. Code §12-309 (2001) and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 of the Complaint.

### CLAIM I:  VIOLATION OF FIRST AMENDMENT RIGHTS
**(Officer Joe Doe)**

24.  Defendant denies the allegations of paragraph 24 of the Complaint.

### CLAIM II:  VIOLATION OF FOURTH AMENDMENT RIGHTS
**(Office Joe Doe)**

25.  Defendant denies the allegations of paragraph 25 of the Complaint.

## CLAIM III:  ASSAULT AND BATTERY
### (Officer Joe Doe)

26.  Defendant denies the allegations of paragraph 26 of the Complaint.

## CLAIM IV:  ASSAULT AND BATTERY
### (District of Columbia *respondeat superior* liability)

27.  Defendant denies the allegations of paragraph 27 of the Complaint

## CLAIM V:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Officer Joe Doe)

28.  Defendant denies the allegations of paragraph 28 of the Complaint.

## CLAIM VI:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (District of Columbia *respondeat superior* liability)

29.  Defendant denies the allegations of paragraph 29 of the Complaint.

## CLAIM VII:  FALSE ARREST
### (Officer Joe Doe)

30.  Defendant denies the allegations of paragraph 30 of the Complaint.

## CLAIM VIII:  FALSE ARREST
### (District of Columbia *respondeat superior* liability)

31.  Defendant denies the allegations of paragraph 31 of the Complaint.

## CLAIM IX:  CONVERSION
### (Officer Joe Doe)

32.  Defendant denies the allegations of paragraph 32 of the Complaint.

## CLAIM X:  CONVERSION
### (District of Columbia *respondeat superior* liability)

33.  Defendant denies the allegations of paragraph 33 of the Complaint.

As to Plaintiff's WHEREFORE clause, no answer is required. To the extent, a

response is required, Defendant denies that the requested relief should be awarded and

requests that the Court dismiss the Complaint with Plaintiff taking nothing by way of judgment or damages against Defendant.

Defendant further answers that all allegations not specifically admitted are denied.

### THIRD DEFENSE

Defendant, at all relevant times herein, acted consistently with relevant and applicable laws, rules, regulations, constitutional provisions, and standards of care.

### FOURTH DEFENSE

Defendant reserves the right to assert any and all defenses which are supported by the facts learned through discovery or at trial herein.

DATED:  March 6, 2006

**Respectfully submitted,**

ROBERT J. SPAGNOLETTI

Attorney General, D.C.

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

_____/s/ Richard S. Love_____
RICHARD S. LOVE, D.C. Bar No. 340455
Chief, Equity I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6635
Facsimile: (202) 727-0431
richard.love@dc.gov

_____/s/ Ellen A. Efros_____
ELLEN A. EFROS, D.C. Bar No. 250746
Assistant Attorney General
Equity 1
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 442-9886
Facsimile: (202) 727-0431
ellen.efros@dc.gov


_____/s/ Andrew J. Saindon_____
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity 1
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov