UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BARRY R. STUDENT

        Plaintiff,

v.

OFFICER JOHN DOE
  and
DISTRICT OF COLUMBIA

        Defendants.

No. 06-cv-0097 (ESH)

**REPORT PURSUANT TO LOCAL CIVIL RULE 16.3(d)**

Pursuant to Local Civil Rule 16.3(d), and this Court's order of March 8, 2006, plaintiff and the District of Columbia hereby file this report and the attached proposed scheduling order.

Because defendant Officer John Doe has not yet been identified or served, this report cannot speak for him.

**I.  Brief Statement of the Case and the Statutory Basis for all Causes of Action and Defenses.**

The plaintiff, Mr. Barry Student, was working as a reporter in the Adams Morgan neighborhood on the evening of the Presidential Inauguration last year. He alleges that he was injured when a D.C. police officer without cause soaked him with pepper spray, arrested him, and detained him after he had observed and filmed a street demonstration that night. He also alleges that the police seized his video recording of the demonstration and did not return it despite his requests.

Mr. Student has asserted the following claims against Officer John Doe:

1. Violation of First Amendment rights, actionable under 42 U.S.C. § 1983.

2. Violation of Fourth Amendment rights, actionable under 42 U.S.C. § 1983.

3. Common law false arrest, actionable under 28 U.S.C. § 1367.

4. Common law assault and battery, actionable under 28 U.S.C. § 1367.

5. Common law conversion, actionable under 28 U.S.C. § 1367.

6. Intentional infliction of emotional distress, actionable under 28 U.S.C. § 1367.

Additionally, Mr. Student has asserted the following claims against the District of Columbia, all based upon a theory of *respondeat superior*:

1. Common law false arrest, actionable under 28 U.S.C. § 1367.

2. Common law assault and battery, actionable under 28 U.S.C. § 1367.

3. Common law conversion, actionable under 28 U.S.C. § 1367.

4. Intentional infliction of emotional distress, actionable under 28 U.S.C. § 1367.

Mr. Student seeks compensatory damages, punitive damages against Officer Doe, a declaration that the actions of the defendants violated his constitutional rights, and expungement of his records, as well as costs and reasonable attorneys' fees.

The District of Columbia has asserted the following defenses:

1. That the complaint fails to state a claim upon which relief can be granted.

2. That the District of Columbia acted consistently with relevant and applicable laws, rules, regulations, constitutional provisions, and standards of care.

3. That many of plaintiff's factual allegations are denied.

4. That it reserves the right to assert any and all defenses which are supported by the facts learned through discovery or at trial.

**II. Items Required to be Addressed by L.Cv.R. 16.3.**

**1. Motion to Dismiss.**

The District of Columbia does not intend to file a motion to dismiss.

**2. Joinder of Parties, Amendment of Pleadings, Narrowing of Issues.**

The only amendment that plaintiff anticipates will be needed is specifying the identity of the defendant now listed as John Doe. Plaintiff is optimistic that this can be accomplished soon, and counsel are working cooperatively toward that end. However, the parties prefer that no deadline be placed on the joinder or amendment of pleadings at this time.

**3. Assignment to a Magistrate Judge.**

The parties do not consent to the assignment of this case to a Magistrate Judge for all purposes.

**4. Whether There is a Realistic Possibility of Settlement.**

There is no realistic possibility of settlement before discovery. The parties believe that there may be a realistic possibility of settlement after discovery.

**5. Alternative Dispute Resolution.**

The parties do not believe that Alternative Dispute Resolution or a neutral evaluation would be useful at this time. The parties believe that Alternative Dispute Resolution or a neutral evaluation may become useful after discovery and/or after the resolution of dispositive motions, if any are filed.

**6. Summary Judgment.**

The parties agree that it is not possible, before discovery, to predict whether the case can be resolved by summary judgment. The parties agree to confer at the close of

discovery and inform the court whether any motion(s) for summary judgment or partial summary judgment will be filed and, if so, to propose a schedule for such motions.

### 7. Initial Disclosures.

The parties agree to dispense with initial disclosures under Rule 26(a)(1). The major documentary evidence in this case appears to exist in a file that the D.C. Superior Court has sealed at plaintiff's request. Plaintiff's counsel have filed a motion in that court to make that material available to counsel in this case, and the District of Columbia has consented to that motion.

### 8. Discovery Matters.

The parties agree that discovery should begin immediately after the entry of a scheduling order, and that fact discovery should conclude within six months after defendant John Doe files an answer to an amended complaint naming him. The parties agree to follow the federal rules regarding the number of interrogatories and depositions, and to limit document requests to 20, absent good cause shown for additional discovery.

### 9. Expert Witnesses.

The parties have not yet determined whether expert witnesses will be necessary. The parties propose that if the plaintiff determines to use an expert witness, that expert's report will be due 60 days after the close of fact discovery. If defendants then determine to use an expert witness, that expert's report will be due 60 days after service of plaintiff's expert report, and shall be limited to the same subjects or topics as the plaintiff's report. Depositions of expert witnesses would occur any time between the filing of plaintiff's expert report and 45 days after the filing of the defendant's expert report.

**10. Class Certification.**

Not applicable.

**11. Bifurcation.**

The parties see no need for bifurcation.

**12. Pretrial Conference.**

The parties propose that the pretrial conference be scheduled after the parties report to the Court as to whether they will be filing summary judgment motions, pursuant to paragraph 6, above.

**13. Trial Date.**

The parties propose that the Court set a trial date at the pretrial conference.

**14. Other Matters.**

None.

    Respectfully submitted,

    /s/
    _____
    Arthur B. Spitzer (D.C. Bar No. 235960)
    Frederick V. Mulhauser (D.C. Bar No. 455377)
    American Civil Liberties Union
      of the National Capital Area
    1400 20th Street, N.W., Suite 119
    Washington, DC 20036
    Telephone: (202) 457-0800
    Facsimile: (202) 452-1868

    Attorneys for Plaintiff

    ROBERT J. SPAGNOLETTI
      Attorney General, D.C.
    GEORGE C. VALENTINE
      Deputy Attorney General, D.C.
      Civil Litigation Division
    RICHARD S. LOVE, D.C. Bar No. 340455
      Chief, Equity I

        /s/
        _____
        ELLEN A. EFROS, D.C. Bar No. 250746
        Assistant Attorney General, Equity 1
        441 Fourth Street, N.W., 6th Floor South
        Washington, D.C. 20001
        Telephone: (202) 442-9886
        Facsimile: (202) 727-0431

        /s/
        _____
        ANDREW J. SAINDON, D.C. Bar No. 456987
        Assistant Attorney General, Equity 1
        441 Fourth Street, N.W., 6th Floor South
        Washington, D.C. 20001
        Telephone: (202) 724-6643
        Facsimile: (202) 727-0431

        Attorneys for the District of Columbia

March 29, 2006